# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

|  |  |  |
|---|---|---|
| **Ricardo Jimenez,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:25-cv-00709-DAE** |
| | § | |
| **Aramark Services and** | § | |
| **Louise S. Kurati,** | § | |
| *Defendants* | § | |
| | § | |

## <u>ORDER</u>

Now before the Court is Plaintiff's Motion to Compel Discovery Responses, filed December 8, 2025 (Dkt. 9). By Text Order entered December 9, 2025, the Honorable David A. Ezra referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

Pursuant to Local Rule CV-7(d)(2), Defendants' response to Plaintiff's motion was due December 15, 2025, but they have not responded. For that reason, the Court could grant the motion as unopposed under Local Rule CV-7(d)(2). But Plaintiff violated multiple Local Rules, preventing the Court from adjudicating the motion or even determining whether Court intervention is required.

First, Plaintiff failed to attach to his motion copies of the portions of the discovery requests and responses in dispute, in violation of Local Rule CV-26(a). The Court cannot assess the merits of his motion without reviewing the requests and responses.

Second, Plaintiff failed to confer with Defendants "in a good-faith attempt to resolve the matter by agreement and certify[y] the specific reason that no agreement could be made," as required by

1

Local Rule CV-7(g). It appears that Plaintiff's counsel sent a meet and confer letter to counsel for Defendants and a paralegal sent two follow-up emails. This is insufficient. It is well-established that one-way communication does not satisfy Local Rule CV-7(g). *See, e.g., McCallum v. Camping World, Inc.*, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (Garcia, C.J.) (explaining that the good-faith conferment requirement of Local Rule CV-7 mandates a genuine attempt to resolve disputes through non-judicial means and requires "two-way communication which is necessary to genuinely discuss any issues and to avoid judicial recourse"); *Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007) (Pitman, M.J.) (dismissing motion to compel as premature when it was not clear that the matters raised "necessitate judicial intervention to resolve"). Plaintiff's motion also is single-spaced, contrary to Local Rule CV-10(a).

For these reasons, Plaintiff's Motion to Compel Discovery Responses (Dkt. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable David A. Ezra.

**SIGNED** on December 17, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

2